28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Horace BOSTIC, Defendant-Appellant.
 No. 93-5740.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 23, 1994.
Decided July 19, 1994.
 
 Brent E. Beveridge, Fairmont, WV, for Appellant.
 William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, WV, for Appellee.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Horace Bostic appeals his conviction for aiding and abetting the distribution of crack cocaine, 21 U.S.C.A.Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988), on the ground of insufficient evidence. He also appeals his sentence of twenty-one months, alleging that the district court clearly erred in finding that he was not a minor or minimal participant in the offense. United States Sentencing Commission, Guidelines Manual, Sec. 3B1.2 (Nov.1992). We affirm.
 
 
 2
 Bostic's conviction resulted from a controlled buy of crack which took place in his apartment. Donald Clark, a confidential informant, went to Bostic's apartment looking for Lindsay Anderson, a drug dealer from whom he had bought drugs before. Anderson was not there, but Bennie Hale was, and Hale offered to sell Clark some crack. Clark left on the pretense that he had to cash a check, and alerted two narcotics officers from the sheriff's department, who gave him marked money for the purchase and drove him back to the apartment building. When Clark returned, Bostic was outside emptying his trash. Clark went into Bostic's apartment and Hale retrieved his supply of drugs from Bostic's sofa where it was hidden. Bostic came in while the sale was being made. He requested a piece of crack for the use of his apartment, and Clark gave him a small piece.
 
 
 3
 Bostic contends that this evidence is insufficient to show that he participated in or assisted the sale of drugs. Bostic insists that he did no more than associate with drug dealers and that he was simply present when the sale occurred.
 
 
 4
 To aid and abet means to assist the perpetrator. United States v. Horton, 921 F.2d 540, 543 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3850 (U.S.1991). A verdict must be sustained if, viewed in the light most favorable to the government, it would permit a rational jury to find the essential elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993).
 
 
 5
 Here, the jury could rationally find that Bostic assisted Hale by providing a place for him to conduct the transaction. That Bostic himself believed he had been of assistance is evidenced by his request for crack as recompense for the use of his apartment. We therefore find that the evidence was sufficient to support the verdict.
 
 
 6
 With regard to his role in the offense, Bostic again claims that he was merely "a hapless bystander" deserving of a two-level or fourlevel reduction as a minimal or minor participant. The defendant's role in the offense is a factual issue and the district court's determination is reviewed for clear error. United States v. Daughtrey, 874 F.2d 213, 218 (4th Cir.1989). Because Bostic provided real assistance to Hale when he allowed his apartment to be used for the crack sale, we cannot say that the district court clearly erred in determining that Bostic was more than a minor participant in the distribution.
 
 
 7
 The conviction and sentence are accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED